UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERREK GILLIAM,

                Plaintiff,

-against-

NFL AND ROGER GOODELL,

                Defendants.

23-CV-1846 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under New York penal statutes. He invokes this Court's federal question and diversity jurisdiction, 28 U.S.C. §§ 1331-1332. Named as Defendants are the National Football League ("NFL") and NFL Commissioner Roger Goodell. Plaintiff, who resides in Oregon, provides New York addresses for both defendants.

    By order dated March 16, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court dismisses the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff filed this action without paying the filing fees or asking for the fees to be waived. By order dated March 7, 2023, the Court directed Plaintiff to pay the filing fees or submit an IFP application, which he did on March 15, 2023. (ECF 3.) The Court granted the application on March 16, 2023. (ECF 4.)

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint and a letter Plaintiff filed after he initiated this action. In the complaint, Plaintiff states:

> Article 460 or OCCA gross pattern of insurance fraud – child porn – involuntary servitude 13th Amendment – with job – social life – false imprisonment to his discipline 1st Amendment – my attempts to petition him thou he surrounds me with his defrauders to obstruct evidence on him by unlawfully controlling my social media.

(ECF 1, at 2.) [2] He also alleges that in:

> 2017 released from rigged confinement patterns/lending back to defendant have not been with normal woman since precautions the 2017 Tom Brady took to win that miracle bowl game.

(*Id.* at 5.) Plaintiff also asserts claims regarding (1) dental work, alleging that "Dentist putting a dent in my chin like Tom Brady," (2) child pornography, noting that someone "walked in on a person viewing child porn in Seattle library," but "I get kicked out of Oregon library for viewing legal adult material." (*Id.*) He also claims, "he cheats with [continuing to] try to pass Covid-19 to me – traffic more homeless people its cheaper get employers not to hire me or oddly let me go." (*Id.*)

In a letter submitted on March 27, 2023, Plaintiff references several New York penal statutes. For example, he refers to New York's assault statutes – N.Y. Pen. L. §§ 120.05, 120.10, and 120.11 – and states, "was assaulted this past Thursday with was attempted to be assault Sunday in January have had multiple verbal threats to assault me on Thursday night(s) and Sunday night(s)." (ECF 5, at 1.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no viable legal theory on which he can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Plaintiff describes, in a fragmented manner, various incidents involving child pornography, other criminal conduct, and insurance fraud. Plaintiff sporadically mentions "defendants," but he does not tie any harm that he allegedly experienced to conduct of the NFL or Commissioner Goodell. Indeed, Plaintiff

---

[2] The Court quotes verbatim from the complaint. All spelling, grammar, and punctuation are as in the original, unless otherwise noted.

catalogues several unrelated events, many of which do not appear to have any connection to the named parties in this action, only mentioning Tom Brady by name. Accordingly, as there is no factual predicate or viable legal theory on which Plaintiff may rely to state a claim, a finding of frivolousness is warranted, *see Livingston*, 141 F.3d at 437, and the Court dismisses this action as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   June 12, 2023
         New York, New York

                                /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                              Chief United States District Judge